

Seyfarth Shaw LLP
620 Eighth Avenue
New York, New York  10018
T (212) 218-5500
F (212) 218-5526

jegan@seyfarth.com
T (212) 218-5291

www.seyfarth.com

July 13, 2023

**VIA ECF AND E-MAIL**

Hon. Andrew L. Carter Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007
ALCarterNYSDChambers@nysd.uscourts.gov

Re:   *Cullins v. 156 Fifth Avenue Corp. et al.*,
      Civil Action No.: 1:22-cv-10288-ALC-VF

Dear Judge Carter:

  This firm represents Defendants Nike Retail Services, Inc. ("Nike") and 156 Fifth Avenue Corp. ("156 Fifth") (collectively, "Defendants") in the above-referenced action. In accordance with Section 2(A) of Your Honor's Individual Rules of Practice, we respectfully submit this pre-motion letter in connection with Defendants' anticipated motion for a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) (the "Motion"). In sum, the Court lacks federal subject matter jurisdiction because the store at issue permanently closed for business on or about April 30, 2023 and, accordingly, the case should be dismissed.

## The Action

  This action concerns the accessibility of the now-closed Nike Flatiron store located at 156 Fifth Avenue, New York, NY 10010 (the "Store") for individuals with disabilities. Plaintiff Datwan Cullins ("Plaintiff") has a mobility disability and alleges that he encountered certain architectural barriers at the Store that violate Title III of the Americans with Disabilities Act ("ADA"), as well as state and city disability access laws. After filing its Answer on April 5, 2023, Nike closed the Store and returned possession of the property to 156 Fifth on or about April 30, 2023.

## The Court Lacks Federal Subject Matter Jurisdiction Because The Store Has Permanently Closed

  The Court must dismiss an action when it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."). After the pleadings are closed, a party may challenge subject matter jurisdiction by way of a motion for judgment on the pleadings under Rule 12(c). *United States ex rel. Phipps v. Comprehensive Community Dev. Corp.*, 152 F. Supp. 2d 443, 448 (S.D.N.Y. 2001) ("[a]lthough subject matter jurisdiction is usually challenged by way of a Rule 12(b)(1) motion to dismiss, it

Case 1:22-cv-10288-ALC-VF   Document 33   Filed 07/13/23   Page 2 of 3



may also be raised on a Rule 12(c) motion for judgment on the pleadings"). The Court may consider extrinsic evidence beyond the pleadings in response to a factual (as opposed to facial) challenge of subject matter jurisdiction. *See Peters v. Timespan Commc'ns, Inc.*, No. 97-8750, 1999 WL 135231, at *3 (S.D.N.Y. Mar. 12, 1999) (considering evidence outside the pleadings on a Rule 12(c) motion for judgment on the pleadings based upon a lack of subject matter jurisdiction)*; see also Innovative Sports Mgmt., Inc. v. Robles*, No. 13-00660, 2014 WL 129308, at *2 (N.D. Cal. Jan. 14, 2014) ("in evaluating a motion for judgment on the pleadings in which a party challenges subject-matter jurisdiction, the Court may look beyond the pleadings and consider extrinsic evidence.").

It is well-established that the closure of a retail business renders any ADA Title III claims moot. For a federal court to have subject matter jurisdiction, an actual "Case[]" or "Controvers[y]" must exist at all stages of the litigation. U.S. Const. art. III, § 2, cl. 1; *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013). Moot claims do not present a justiciable case or controversy under Article III of the U.S. Constitution. *Scheiner v. Act Inc.*, No. 10-0096, 2013 WL 685445, at *2 (E.D.N.Y. Feb. 24, 2013). A claim becomes moot "when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur." *Irish Lesbian and Gay Org. v. Guiliani*, 143 F.3d 638, 647 (2d Cir. 1998). Mootness is a defect that deprives the court of authority to adjudicate a claim. *Scheiner*, 2013 WL 685445, at *2.

Title III of the ADA provides a private right of action for injunctive relief only. *See* 42 U.S.C. § 12188(a); *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 94 (2d Cir. 2012) (statute "authorizes private actions only for injunctive relief, not monetary damages"). Courts may order injunctive relief to remove architectural barriers, or modify policies and procedures to ensure equal access, but only with respect to places of public accommodation where Plaintiff has, in the first instance, established a violation. *See* 42 U.S.C. § 12182(b)(2)(A); 12188(a)(2).

However, when a retail business closes, the court cannot order injunctive relief under the ADA. For this common-sense reason, courts throughout the country have held that the closure of a business renders any pending ADA Title III claims moot. *See, e.g., Kohler v. Southland Foods, Inc.*, 459 F. App'x 617, 618-619 (9th Cir. 2011) (holding that plaintiff's "claims for prospective injunctive relief [under ADA Title III] became moot once the restaurant ceased operation"); *Charnoff v. Baldwin Realty Group, Inc.*, 8 Misc. 3d 1023(A) , at *4 (Sup. Ct. Nassau Cnty. June 30, 2005) (dismissing ADA Title III claim where the defendant "submitted an affidavit establishing that the Carvel business is closed and the building is currently vacant."); *Wyatt v. Rug Emporium*, No. 15-1414, 2016 U.S. Dist. LEXIS 68197, at *4-5 (E.D. Cal. May 24, 2016) (dismissing ADA Title III claims because the place of public accommodation at issue "is no longer in business"); *Steelman v. Hoch*, No. 12-79, 2012 WL 4513864, at *2-4 (E.D. Mo. Oct. 1, 2012) (ADA Title III claim moot and subject to dismissal where retail property at issue was closed). Courts in this District have dismissed ADA Title III cases filed by Plaintiff's counsel on this basis. *See, e.g., Thomas v. Grunberg*, No. 15-1925, 2017 U.S. Dist. LEXIS 104606, at *8-10 (S.D.N.Y. July 5, 2017) (dismissing ADA case based on closure of the restaurant at issue, and declining to exercise supplemental jurisdiction over the remaining claims since these "non-federal claims all present questions 'best left to the courts of the State of New York'"), *report and recommendation adopted* by 2017 U.S. Dist. LEXIS 118961 (S.D.N.Y. July 28, 2017); *Range v. 515 Broadway Corp.*, No. 16-1016, 2017 U.S. Dist. LEXIS 188351, at *1 (S.D.N.Y. Nov. 13, 2017) (dismissing case because the store at issue was "no longer in operation").



Plaintiff also cannot rely on his request for declaratory judgment to confer federal jurisdiction over his ADA claim. (Compl. Prayer for Relief ¶ A.)  *See Shariff v. Coombe*, 655 F. Supp. 2d 274, 297 n.27 (S.D.N.Y. 2009) ("The Declaratory Judgment Act cannot resurrect substantive claims that are defeated by jurisdictional, exhaustion, mootness, or other defenses"). Similarly, Plaintiff's claim for attorneys' fees does not create a justiciable controversy under federal law. *See Bacon v. Walgreen Co.*, 91 F. Supp. 3d 446, 453-54 (E.D.N.Y. 2015) ("[A] plaintiff's interest in attorney's fees cannot create a 'case or controversy' where none otherwise exists.").

## The Court Should Decline To Exercise Supplemental Jurisdiction Over Plaintiff's Remaining Claims

For the reasons discussed above, Plaintiff's state and city law claims will be moot to the extent they seek injunctive relief, and should, along with his ADA claim, be dismissed *with prejudice*.  To the extent that his state and city claims seek monetary damages, courts in this Circuit routinely decline to exercise supplemental jurisdiction over such pendent claims under the circumstances.  *See Lerner v. Fleet Bank N.A.*, 318 F.3d 113, 130 (2d Cir. 2003), *abrogated on other grounds by Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352 (2016).  *See also Wyatt*, 2016 U.S. Dist. LEXIS 68197, at *6-7 ("When a court has federal question jurisdiction on the basis of claims under Title III of the ADA, courts often decline to exercise supplemental jurisdiction over related state law claims once the ADA claims have been dismissed."); *Bacon*, 91 F. Supp. 3d at 453-54 (dismissing ADA Title III claim based on mootness and declining to exercise supplemental jurisdiction over remaining state and city claims); *Panzica v. Mas-Maz, Inc.*, No. 05-2595, 2007 U.S. Dist. LEXIS 42171, at *28-29 (E.D.N.Y. June 11, 2007) (dismissing ADA Title III claim and declining to exercise supplemental jurisdiction over remaining state claims); *Hernandez v. Int'l Shoppes, LLC*, 100 F. Supp. 3d 232, 268 (E.D.N.Y. 2015) (dismissing ADA claim and declining to exercise supplemental jurisdiction over "analogous claims brought under NYSHRL and NYCHRL").  As the Court is without jurisdiction to consider the only claim asserted in the Complaint that arises under federal law, it should dismiss that claim, and decline to exercise supplemental jurisdiction over the remaining claims.

Accordingly, we respectfully request that the Court schedule a pre-motion conference to consider the arguments set forth herein.  We thank the Court for its consideration of this application.

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ John W. Egan*

John W. Egan

cc:     All counsel of record (via ECF)